CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2015

JULIA C. DUDLEY, CLERK
BY: /s/ S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM A. WHITE, | ) | CASE NO. 7:15CV00085 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:08CR00054 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WILLIAM A. WHITE, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

William A. White, a federal inmate proceeding pro se, filed this petition for a writ of coram nobis under 28 U.S.C. § 1651, alleging that the sentencing judge relied on an unconstitutional factor in determining White's criminal sentence in United States v. White, Case No. 7:08CR00054. Senior United States District Judge James C. Turk presided at the trial and sentencing hearing. Judge Turk is deceased. Upon review of the record, this court concludes that White is not entitled to relief.

I

White was indicted in this court on seven different counts, and was convicted by a jury on Counts 1, 3, 5, and 6. Judge Turk granted a motion for judgment of acquittal on Count 6, which left White with convictions for two counts of transmitting in interstate commerce threats

to injure or intimidate individuals, in violation of 18 U.S.C. § 875(c), and one count of intimidating individuals to influence, delay, or prevent their testimony, in violation of 18 U.S.C. § 1521(b)(1). See United States v. White, 670 F.3d 498, 501-06 (4th Cir. 2012) (detailing factual background of White's offenses). Judge Turk ultimately sentenced White to concurrent terms of 33 months in prison and concurrent terms of 36 months of supervised release. White's supervised release was revoked on September 12, 2012, and Judge Turk sentenced him to three terms of 10 months in prison, concurrent to each other, but consecutive to all other sentences. Subsequently, on February 20, 2013, White was sentenced to a consecutive term of 42 months in prison on a separate federal criminal matter in Chicago, Illinois. Then, on May 1, 2014, he was sentenced to a consecutive term of 92 months on another set of convictions in this court in United States v. White, Case No. 7:13CR00013.

White states that he is currently incarcerated on the consecutive Chicago sentence. He asserts that according to Bureau of Prisons' records, as of April 7, 2013, he had completely served his original sentence and the supervised release revocation sentence related to his earliest convictions in this court. Arguing that he is, therefore, no longer in custody on the sentence in this Virginia case, White seeks coram nobis relief to vacate his sentence here as unlawful, so that the time served on that sentence might be credited against his other sentences. In the alternative, if the court should find that White remains in custody on the sentence in this case, White asks the court to construe his submission as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and vacate his sentence.

White's only claim in this petition alleges that Judge Turk impermissibly relied on White's religious and/or political beliefs in determining White's sentence. As support for this

2

claim, White points to Judge Turk's comments at the sentencing hearings on April 14, 2010, in this case and Judge Turk's comments at sentencing on May 1, 2014, in Case No. 7:13CR00013.

At the April 2010 hearing, Judge Turk adopted the presentence report, on which he relied in calculating White's recommended custody range of 24 to 30 months in prison under the advisory sentencing guidelines. (Transcript "Tr." 47, ECF No. 214.) Then, considering the factors noted in 18 U.S.C. § 3553(a), Judge Turk imposed three concurrent prison terms of 30 months. (Tr. 48.) In closing, Judge Turk stated:

> Normally I do not go to the upper limits of the advisory guidelines in fixing a sentence. Normally I sentence at the low end or in the medium range. But in this instance numerous people were frightened by what you did; they were scared. . . . [I]t has caused a lot of mental anguish and fright to a lot of people.
> I hope once you get out and released this time you have any thought that you want to have, but you ought to keep them to yourself and not be sending communications like you did in the past. I hope this will teach you a lesson. I really do.

(Tr. 51.) Judge Turk also ruled that White would receive credit for time served and then stated, "[T]he court feels that the sentence imposed is reasonable and fair and just under all of the circumstances." (Tr. 54.)

In the later prosecution, Case No. 7:13CR00013, White was convicted of three counts of transmitting extortionate threats and one count of transmitting a threat, in violation of 18 U.S.C. § 875(b) & (c). The advisory guideline range for these offenses, as calculated in the presentence report, was 92 to 115 months in prison. Judge Turk sentenced White to three terms of 92 months on the extortionate threat counts and a term of 60 months on the remaining count, with the sentences to run concurrent to each other, but consecutive to any other sentence of imprisonment. White's appeal from this judgment is pending, No. 14-4375.

At the sentencing hearing in Case No. 7:13CR00013, Judge Turk made the following remarks:

3

> I have read the briefs that both sides have filed in the case. The one thing that concerns me more than anything else is I think the Government is trying to punish you for your beliefs rather than—well, largely because of your beliefs rather than the threats that you sent. If you hadn't been Bill White, it would probably have been in state court. ʔAnd it probably had been [sic] handled by the J&D relations court and you wouldn't have gotten a very long sentence. But you are more or less a public figure. Everybody knows about you and the general public doesn't agree with these views that you have.
>
> I thought that after, you know, your first sentence you would straighten up and behave, but believe whatever you want to believe, but you can't send threatening messages to individuals. I have thought about enhancing the punishment. I have thought about going below the advisory sentencing guidelines, but I think that 92 months is sufficient in this case and satisfies the purposes of sentence.

(Transcript "Tr" 34-35, ECF No. 214.) Judge Turk then imposed a sentence at the bottom of the guideline range, after considering the factors in § 3553(a).

White's attorney asked Judge Turk to consider running part of White's sentence concurrent to the Chicago sentence White was then serving. Judge Turk stated:

> I am not going to let this run concurrent with any other sentence. I have said that. It bothered me a little bit. I think it's a little high because of his beliefs but it was a serious offense and it involved, you know, his former wife, and I can understand she would have been very apprehensive about it. So I'm going to deny that motion.

(Tr. 39.)

Based on Judge Turk's comments in these two separate cases, White contends that the remarks at the 2014 sentencing hearing constitute a "new fact" demonstrating that Judge Turk sentenced White at the high end of the guideline range in the 2008 sentencing hearing because of White's racist beliefs. The court finds that White's submission, whether considered as a petition for a writ of coram nobis or a § 2241 petition, states no ground for relief from his criminal sentence.

4

II

A court may issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice." United States v. Bazuaye, 399 F. App'x. 822, 824 (4th Cir. 2010) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). "To be entitled to coram nobis relief, the petitioner must demonstrate all of the following conditions: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Id. at 824 (internal quotation and citation omitted).

White's claim fails under the first and fourth conditions under Mandel. First, because he is currently serving sentences that were imposed to run consecutively to the 2008 sentence and the supervised release revocation sentence, he is still in custody on those sentences for purposes of collateral attack on those sentences. See Peyton v. Rowe, 391 U.S. 54, 56, 64-65 (1968) (prisoner serving consecutive sentences is "in custody" under any of them for purposes of habeas relief). Thus, a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 is the appropriate vehicle by which to raise a claim that his sentence is unlawful.

Second, White has produced no new fact worthy of consideration as such. The writ of coram nobis was traditionally "available to bring before the court that pronounced the judgment errors in matters of fact which had not been put in issue or passed upon, and were material to the validity and regularity of the legal proceeding itself," such as the defendant's being under age or having died before the verdict. United States v. Mayer, 235 U.S. 55, 68 (1914). Other examples of facts and circumstances justifying coram nobis relief include the defendant's immunity from

5

prosecution for diplomatic reasons, the defendant's insanity, after-discovered evidence of misconduct by the prosecution or the jury, and officials' coercion of witnesses to offer perjurious testimony. United States v. Morgan, 346 U.S. 502, 507-11 (1954) (other citations omitted).

White fails to present any such fundamental error of fact in support of his coram nobis petition. At the most, White is claiming that Judge Turk's sentencing remarks in a different case in 2014 caused White to reach a new interpretation of Judge Turk's sentencing remarks in 2008 as being based on Judge Turk's personal distaste over White's white supremacist beliefs. The very portions of the record on which White relies, however, soundly contradict this assertion and demonstrate that White's contention is an illogical deduction from the facts. No reasonable person would conclude from Judge Turk's remarks that he based the sentence in either case on anything but the sentencing guidelines and the factors under § 3553(a), including the fear that White's victims suffered as a result of his threats. In both cases, Judge Turk championed, rather than punished, White's right to engage in his beliefs and chastised him only for threatening behavior and causing fear in others. In the recent case, Judge Turk expressed his concern that based on White's notoriety arising from his unpopular racist beliefs, the prosecutor had federalized a divorce-related domestic dispute better suited to a state family courtroom. Nevertheless, Judge Turk felt the sentence he imposed, at the low end of the guideline range, to be appropriate, given White's failure to learn from his first federal conviction and sentence, and his continuation of the very threatening behavior Judge Turk had chided him against in the 2008 sentencing. For these reasons, the court will dismiss White's petition for a writ of coram nobis as without merit.

The court also declines White's invitation to construe the petition as one arising under § 2241. Such a petition must be brought in the district court with jurisdiction over the

petitioner's custodian. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). White is currently incarcerated at a federal correctional facility in Pennsylvania. This court has no jurisdiction over the warden of the Pennsylvania facility, who is petitioner's current custodian. Therefore, the court has no jurisdiction to address petitioner's claims under § 2241. In any event, for reasons already stated, White's claim is without merit, no matter what label he attaches to his petition. A corresponding final order shall issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 18th day of March, 2014.

/s/ Glen Conrad
Chief United States District Judge